UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MELVIN D. REED,**
      **Plaintiff,**
  v.                                            Case No. 19-cv-1609

**PF OF MILWAUKEE MIDTOWN,**
      **Defendant.**

---

## DECISION AND ORDER

Plaintiff, proceeding *pro se*, filed this Age Discrimination in Employment Act ("ADEA") action on November 1, 2019. Defendant has moved to dismiss based on the filing of this action outside of the statute of limitations, which expired on October 6, 2019. Because I conclude that equitable tolling is not appropriate, Defendant's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff's complaint alleges that Defendant declined to hire him in October 2017 based on his age, alleging that he was more qualified than any persons hired for similar positions, all of whom were younger than him. *See generally*, ECF No. 1. Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which declined to litigate his case and issued a Right to Sue letter allowing him ninety (90) days from receipt to file a complaint in state or federal court. ECF No. 1-1. He asserts that he received this letter on July 8, 2019. *See* 11-cv-221, ECF No. 82 at 3.

Plaintiff originally tried to file this complaint ("Planet Fitness complaint") on July 31, 2019, however the Clerk of Court returned his complaint unfiled, citing a standing order from one of Plaintiff's prior cases in this District, *Reed v. Lincare, Inc.*, 11-cv-221. ECF

No. 18-1. In *Lincare*, Judge Randa awarded the defendant summary judgment and granted its motion for Rule 11 sanctions against Plaintiff. *See* 2012 WL 5906864 (E.D. Wis. Nov. 21, 2012). Specifically, Judge Randa ordered that Plaintiff pay defendant $5000 in attorney fees and the Clerk of Court not accept any new filings from Plaintiff until such fees were paid, finding that Plaintiff had a lengthy history of abusing federal court litigation for improper purposes. *Id.* at *8–13 (citing *Reed v. Great Lakes Cos., Inc.*, 330 F.3d 931, 936 (7th Cir. 2003); *Reed v. Heiser Ford, Inc.*, (ERD Case No. 200504107); *Reed v. Innovative Health & Fitness Ltd.*, 359 F.App'x 875, 876 (7th Cir. 2008); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995)). However, Plaintiff could move the Court to modify or rescind this "*Mack*" order after two years. *Id.* at *13. Judge Randa's decision was upheld on appeal. *Reed v. Lincare, Inc.*, 524 F.App'x 261 (7th Cir. 2013).

Having been rebuffed by the Clerk of Court, Plaintiff filed a motion in the *Lincare* case[1] to rescind the *Mack* order on August 23 so that he could file his Planet Fitness complaint, arguing that (1) seven years had passed since Judge Randa's order; (2) Judge Randa should have been disallowed from hearing the *Lincare* case because he had dismissed a case involving Plaintiff's wife in the 1990s; (3) Judge Randa "had it in" for Plaintiff based on some of Plaintiff's previous cases; and (4) Judge Randa did not believe that employment discrimination existed. ECF No. 18-2. I denied this motion, finding that this reasoning did not justify non-compliance with the order issued seven years prior. ECF No. 1-4 (Ex. 5).

On September 13, Plaintiff filed another motion to rescind the *Mack* order, this time citing various medical and financial hardships he had suffered since 2012 that impaired

---

[1] Judge Randa died in 2016. The *Lincare* case was randomly reassigned to me upon the filing of Plaintiff's motion to rescind the *Mack* order.

his ability to pay the $5000 sanction. ECF No. 1-4 (Ex. 6). Recognizing that perpetual orders of this kind are "generally a mistake" and that indigency is a possible exception to a no-filing order, *see Mack*, 45 F.3d at 186-87, I issued an order on September 16 indicating that Plaintiff could file an affidavit explaining how sustained indigence over the previous seven years prevented him from complying with the sanction order. ECF No. 1-5 (Ex. 8). I also explained that the *Mack* order applied only to federal court and that most federal claims can also be litigated in state court. *Id. See also Mack*, 45 F.3d at 187; ECF No. 1-1 ("The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this notice.**") (emphasis original).

This September 16 order was initially sent to the wrong address and was not received by Plaintiff until October 16. *See* ECF No. 18 at 2. *See also* 11-cv-221, ECF No. 84 ("Mail Sent to [Plaintiff] Returned as Undeliverable"). Having not received this order, Plaintiff filed a motion in the *Lincare* case for the court to "accept" his Planet Fitness complaint on October 3. ECF No. 18-4. Plaintiff ultimately filed an affidavit of indigent status on October 18. ECF No. 18-5. Accordingly, I granted his motion to lift the *Mack* order but denied his motion to "accept" his Planet Fitness complaint, explaining that any legal determination regarding the complaint would be made by the court to which it was assigned. ECF No. 1-6 (Ex. 10).

Defendant now moves to dismiss, citing the complaint's November 1 filing date, which is well past the October 6 deadline imposed by the EEOC's Right to Sue letter, and the lack of circumstances to support equitable tolling. ECF Nos. 12 & 13.[2] Alternatively,

---

[2] I granted Plaintiff's motion to proceed *in forma pauperis*, finding that the complaint did not necessarily admit all the elements of an impenetrable affirmative defense necessary to dismiss under 28

Defendant moves for summary judgment, arguing that it is not an "employer" for ADEA purposes because at no point during the relevant time period (2016 and 2017 calendar years) did it employ the twenty or more employees required under 29 U.S.C. § 630(b). *Id.*

## II. DISCUSSION

Courts are to construe *pro se* pleadings liberally but are not required to construct a party's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Under the ADEA, a plaintiff must file his suit within 90 days from the date he receives notice from the EEOC of his right to sue. *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999). However, a litigant may be entitled to equitable tolling of the 90-day time period where showing that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Lee v. Cook Cty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011) (citing *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quotations omitted)). *See also Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) ("[E]quitable tolling is to be restricted and reserved only for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time."); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

---

U.S.C. § 1915. *See* ECF No. 6 at 2, 4 (citing *Grzanecki v. Bravo Cucina Italiana*, 408 F.App'x 993, 996 (7th Cir. 2011)).

Defendant argues that equitable tolling should not apply because (1) Plaintiff's attempt at filing his Planet Fitness complaint in federal court when under a *Mack* order is not a "good faith error," particularly where both this court and the EEOC explained he could file his claim in state court; and (2) the *Mack* order is not an extraordinary circumstance standing in the way of timely filing where the order was the result of an abuse of the litigation process *by Plaintiff himself*. ECF No. 13 at 6-8; ECF No. 19 at 3-5. Plaintiff asserts that he is entitled to tolling because (1) Judge Randa never should have issued the order in the first place; (2) Plaintiff was more familiar with federal court than state court; and (3) the circumstances preventing him from filing were beyond his control. ECF No. 18 at 2-3.

I cannot accept any of Plaintiff's arguments. First, Plaintiff's complaints about Judge Randa's bias, refusal to recuse himself, and the *Mack* order's validity are as unavailing now as they were in his first motion to rescind. As explained above, the Seventh Circuit rejected these points seven years ago and upheld Judge Randa in all respects. *See Lincare, Inc.*, 524 F.App'x at 262-63 (explaining that a judge ruling against particular litigant in other cases is insufficient to show bias, citing *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009), and that Plaintiff's conduct in the District Court and in past cases did not warrant undoing the sanctions). Even without the Seventh Circuit's decision, second-guessing a judge's discretionary decision from a long-settled case is inappropriate. Second, Plaintiff's argument as to choosing federal court over state court due to familiarity is lacking where it appears that Plaintiff has made numerous *pro se* appearances in state court over the past two decades. *See* ECF No. 19 at 5, n. 1. Further, Plaintiff's apparent acknowledgement that he knew he could pursue his claim in state

5
Case 2:19-cv-01609-LA   Filed 09/25/20   Page 5 of 7   Document 23

court but forged ahead in federal court in face of the *Mack* order anyway also weighs against any finding of "good faith error" on Plaintiff's part. Further, this fact does not support a finding that some "extraordinary circumstance" prevented filing before the deadline; filing a timely complaint in state court was entirely in Plaintiff's control.

Finally, I consider Plaintiff's third point, that a mailing and/or administrative error delayed Plaintiff's receipt of my September 16, 2019 order instructing him to file an affidavit of indigent status. This cost Plaintiff perhaps a month's time and may have resulted in rescission of the *Mack* order in time for him to file his Planet Fitness complaint before the October 6 deadline. While unfortunate, this does not account for Plaintiff waiting nearly five years to file his first motion (filed August 23, 2019) to rescind the *Mack* order in the *Lincare* case when he could have done so as early as November 21, 2014. Knowing that he would only have a limited timeframe to file a lawsuit after receiving a Right to Sue letter, Plaintiff could have moved to rescind the *Mack* order while the EEOC was investigating his case or even before filing his EEOC complaint.[3] Viewed in context, these facts show that Plaintiff's delayed receipt of my September 16 order was not some "extraordinary circumstance" that prevented timely filing, but rather a late obstacle only made possible by his years-long failure to address the outstanding *Mack* order, the terms of which were a result of *his* abuse of the litigation process. Plaintiff could have avoided this circumstance by making an earlier, good-faith effort to rescind the *Mack* order after the initial two-year period ended, but he chose not to, another fact that weighs against equitable tolling of the deadline. *See Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 397

---

[3] Reed's EEOC complaint was filed sometime in 2018. *See* ECF No. 1-1. As is clear from this order's Background section, Plaintiff has a wealth of experience litigating employment discrimination claims *pro se*.

6
Case 2:19-cv-01609-LA   Filed 09/25/20   Page 6 of 7   Document 23

(7th Cir. 2000) ("Whatever many courses Jackson may have taken, the bottom line is that equitable tolling does not condone inaction… 'the negligence of the party invoking the doctrine can tip the balance against its application.'") (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990)).[4] Because I conclude that Plaintiff was neither diligent nor obstructed by some extraordinary circumstance, I must grant Defendant's motion and dismiss this case for filing past the 90-day statute of limitations.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 12) is **GRANTED**. This case is **DISMISSED** as untimely. The Clerk of Court shall enter final judgment accordingly.

Dated at Milwaukee, Wisconsin this 25th day of September, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge

---

[4] Plaintiff also argues that he should be excused for not seeking to rescind the *Mack* order because any effort to do so would have been futile. ECF No. 18 at 2. This position is entirely speculative where Plaintiff did not even try to have the order rescinded before receiving his Right to Sue letter. Even if true, this fails to account for the three years between Judge Randa's passing and Plaintiff's first motion to rescind where, as was the case here, such a request would have been assigned to another judge in this District.